(75 App. Div. 422.)

### HEALY v. MALCOLM.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

**1. TAXATION OF COSTS—CLAIM AGAINST ESTATE—UNREASONABLE RESISTANCE.**
    Where a claim against an estate was materially reduced on trial, it was error to tax costs against defendant, under Code Civ. Proc. § 1836, providing that costs may be taxed against defendant when a claim has been unreasonably resisted or neglected, though plaintiff on the trial voluntarily consented to a reduction of his claim.

Appeal from special term, New York county.

Action by Thomas A. Healy against Janet T. Malcolm, executrix of James F. Malcolm, deceased. Judgment for plaintiff, and from an order denying a motion to set aside certificate and award costs, taxed under Code Civ. Proc. § 1836, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 1955.

E. W. S. Johnston, for appellant.
Philip M. Brett, for respondent.

VAN BRUNT, P. J.   We think that the motion to set aside the certificate should have been granted.   It appears by the admission of the plaintiff that his claim was materially reduced upon the trial. It is no answer to this suggestion to say that upon the trial the plaintiff voluntarily consented to a reduction of his claim.   It was necessary for the executrix to defend the claim, and that such defense was not unreasonable was established by the fact that the plaintiff was compelled to reduce the amount of his claim upon the trial. We think that the policy of the law is that estates should not be mulcted in costs where exorbitant demands are made upon them, and where a defense results in a material reduction of the claim. The defense in such a case cannot possibly be deemed unreasonable.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to set aside the certificate and taxation granted, with $10 costs.   All concur.